IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNGENTA SEEDS, INC., GOLDEN HARVEST SEEDS, INC., and GARST SEED COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>DEKALB GENETICS CORPORATION<br><br>Defendant. | Civil Action No. 1:06-cv-00622 |

**DEKALB'S COVENANT NOT TO SUE SYNGENTA**
**FOR INFRINGEMENT OF CERTAIN PATENT CLAIMS**

WHEREAS, DEKALB Genetics Corporation ("DEKALB") represents that it owns all rights, title, and interest in U.S. Patent Nos. 6,946,587 ("the '587 patent") and 5,538,877 ("the '877 patent");

WHEREAS, Syngenta Seeds, Inc., Golden Harvest Seeds, Inc., and Garst Seed Company (collectively "Syngenta") filed a declaratory judgment complaint in the present action in which it asserted that the claims of '587 and '877 patents are invalid and/or not infringed;

WHEREAS, DEKALB has informed Syngenta that it will not assert any claim of infringement against Syngenta in this action with respect to '587 and '877 patents, and Syngenta has agreed that it will voluntarily dismiss its claims for declaratory judgment relating to the '587 and '877 patents;

WHEREAS, DEKALB has further informed Syngenta that it will not assert any claim of infringement against Syngenta for its GA21 corn activities with respect to any patent that issues

from U.S. patent Application Serial No. 10/919,228 identified in paragraph 54 of Syngenta's declaratory judgment complaint in the present action ("the Lundquist '228 application"), which application is assigned to DEKALB;

NOW THEREFORE, DEKALB hereby states as follows:

1.  Definitions. For the purposes of this Covenant:

    a. "DEKALB" shall mean DEKALB Genetics Corporation and its successors, assigns, parents, subsidiaries, Affiliates, officers, directors, employees, agents, and all other persons acting on behalf thereof;

    b. "Syngenta" shall mean Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., JC Robinson Seeds. Inc., and Garst Seed Company, and their successors, assigns, parents, subsidiaries, Affiliates, officers, directors, employees, agents, and all other persons acting on behalf thereof;

    c. "Affiliates" shall mean any business entity which controls, is controlled by or is under common control with a Party; for the purpose of this definition, a business entity shall be deemed to "control" another business entity if it owns, directly or indirectly, in excess of fifty per cent (50%) of the outstanding voting securities or capital stock of such business entity or any other comparable equity or ownership interest with respect to a business entity other than a corporation;

    d. "GA21" shall mean the glyphosate tolerant corn line described in USDA Petition 97-099-01p for Determination of Non-Regulated Status;

e. "Parties" shall mean DEKALB Genetics Corporation, Syngenta Seeds, Inc., Golden Harvest Seeds, Inc., and Garst Seed Company, and "Party" shall refer to one of the Parties;

f. "Products" shall include any GA21 corn products, seeds, crops, plants, or organisms containing traits for or exhibiting resistance to glyphosate herbicides that are made, used, sold, offered for sale, or imported by or for Syngenta, or any GA21 corn product licensed by or to Syngenta;

g. "Protected Person" shall mean any person who is making, using, selling, offering for sale, licensing, or importing Products, including but not limited to:

i. any farmer or grower in the United States;

ii. any customer, licensee, sublicensee, partner, collaborator, joint venturer, purchaser of service or goods, or contractual counterpart of Syngenta;

iii. any person to whom Syngenta owes any warranty or indemnity, regardless of whether such warranty or indemnity arises by contract, by operation of law, or otherwise;

iv. any seed company in the United States;

v. any seed cooperative in the United States;

vi. any farmer cooperative in the United States;

vii. any dealer or reseller of seed, crops, chemicals, plants, or agricultural Products in the United States;

viii. any food processors, millers, or grain elevator operators in the United States.

2.  DEKALB unconditionally agrees, promises, and covenants not to sue, or otherwise assert any claim against, Syngenta or any other Protected Person for infringement, inducement of infringement, or contributory infringement of any or all of the claims of the '587 patent (or any reissue or supplemental certificate issued with respect to the '587 patent) for the full term of the '587 patent based on any manufacture, use, sale, offer for sale, or importation of any past or present Products.

3.  DEKALB unconditionally agrees, promises, and covenants not to sue, or otherwise assert any claim against, Syngenta or any other Protected Person for infringement, inducement of infringement, or contributory infringement of any or all of the claims of the '877 patent (or any reissue or supplemental certificate issued with respect to the '877 patent) for the full term of the '877 patent based on any manufacture, use, sale, offer for sale, or importation of any past or present Products.

4.  DEKALB unconditionally agrees, promises, and covenants not to sue, or otherwise assert any claim against, Syngenta or any other Protected Person for infringement, inducement of infringement, or contributory infringement of any or all claims of any patent that issues from the Lundquist '228 application (or any reissue or supplemental certificate issued with respect to any such patent) for the full term of any such patent based on any manufacture, use, sale, offer for sale, or importation of any past or present Products.

5.  The foregoing disclaimers are limited solely to actions for infringement of the '587 patent, '877 patent, and/or any patent that issues from the Lundquist '228 application, and no other disclaimer, right, or license is granted either directly or by implication.

6.  This Covenant shall be binding upon, and shall inure to the benefit of, the Parties as well as their respective successors-in-interest, assigns, parents, subsidiaries, and Affiliates.

7. Nothing in this Covenant shall preclude Syngenta from asserting any claim or defense in any subsequent action or proceeding.

Dated: 11/1/06

By: [signature]

Title: Associate General Counsel

On behalf of
DEKALB GENETICS CORPORTION

**CERTIFICATE OF SERVICE**

I, John W. Shaw, hereby certify that on November 7, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street
Wilmington, DE 19899-0951

I further certify that on November 7, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

Attorney for Plaintiffs